IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

    Plaintiff,                    No. CIV S-10-0929 GGH P

    vs.

P. STATTI, et. al.,

    Defendants.               ORDER

                                      /

            Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

            Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

            Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). No initial filing fee will be assessed at this time. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded

by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that as a result of seven rule violation reports he received dispositions resulting in 10 months loss of yard time. Though not explicitly stated, it appears that plaintiff had no outdoor exercise for the 10 month period. Plaintiff states that as a result he lost 23 pounds and suffered other adverse medical problems. However, plaintiff has named approximately twenty defendants in this case, yet has not described the actions of any of the defendants. The court cannot serve twenty defendants with no factual allegations concerning each defendant. Plaintiff must describe how the defendants were involved and specifically connected to the alleged constitutional deprivation. Plaintiff's complaint will be dismissed with leave to amend within twenty-eight days of service of this order.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1  Moreover, supervisory personnel are generally not liable under § 1983 for the
2  actions of their employees under a theory of respondeat superior and, therefore, when a named
3  defendant holds a supervisorial position, the causal link between him and the claimed
4  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
5  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8  Cir. 1982).

9  Although a temporary denial of exercise does not per se constitute an Eighth
10  Amendment violation, denial of all outdoor exercise for an extended period may.  May v.
11  Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (temporary deprivation of 21 days without outdoor
12  exercise with no medical effects not a substantial deprivation); Hayward v. Procunier, 629 F.2d
13  599, 603 (9th Cir. 1980) (30-day emergency lockdown period was an unusual circumstance
14  justifying denial of outdoor exercise); see also LeMaire v. Maass, 12 F.3d 1444, 1457-1458 (9th
15  Cir. 1993) (while exercise is "one of the basic human necessities protected by the Eighth
16  Amendment," where restriction from outdoor exercise arose from inmate's abuse of the privilege
17  and posing a security risk, plaintiff's Eighth Amendment claim for deprivation thereof failed);
18  but see, Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979) (upholding district court
19  decision that inmates confined with almost total lack of outdoor exercise for period of years was
20  cruel and unusual punishment, and requiring they be allowed one hour of outdoor exercise, five
21  days a week, absent poor weather, unusual circumstances); see also, Keenan v. Hall, 83 F.3d
22  1083, 1090 (9th Cir. 1996) (defendants not entitled to summary judgment where plaintiff
23  produced evidence showing deprivation of outdoor exercise for six-month period in
24  administrative segregation).

25  The Ninth Circuit has clarified the requisite elements:
26  An Eighth Amendment claim that a prison official has deprived inmates of

4

>humane conditions must meet two requirements, one objective and one subjective. <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." <u>Id</u>. (citations omitted).

<u>Lopez v. Smith</u>, 203 F.3d 1122, 1132-1133 (9th Cir. 2000).

In <u>Allen v. Sakai</u>, 48 F.3d 1082, 1086-88 (9th Cir. 1994),[1] the Ninth Circuit affirmed denial of summary judgment for defendants on plaintiff's Eighth Amendment claim arising from six weeks of confinement with only 45 minutes of exercise per week, finding that plaintiff met the objective requirement. In <u>Lopez</u>, the Ninth Circuit found that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim. 1132-1133. The <u>Lopez</u> court noted that:

>The clear implication of <u>May</u> is that temporary denials of outdoor exercise must have adverse medical effects to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of effects.

<u>Lopez v. Smith</u>, 203 F.3d at 1133 n. 15 ( see <u>May v. Baldwin</u>, supra ).

Finally, the Eighth Amendment "requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1986). "Rather, the Eighth Amendment proscribes the 'unnecessary and wanton infliction of pain....' " <u>Id</u>. Nevertheless, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994). When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation ... must be considered in determining whether a constitutional violation has occurred."

---

[1] Although the Federal Reporter indicates that this decision was amended in March of 1995, the year cited in <u>Lopez</u>, supra, for the decision, the Federal Reporter nevertheless directs that the decision be cited as rendered in 1994; Westlaw also provides 1994 as the date of the decision.

1         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is not assessed an initial partial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

\\\\\

\\\\\

\\\\\

1    3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: June 2, 2010

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
fost0929.b