IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

    Plaintiff,                                No. CIV S-10-0929 GGH P

    vs.

P. STATTI, et. al.,

    Defendants.                   ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and informa pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend on June 2, 2010. Plaintiff timely filed a first amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that as a result of several different rule violation reports he received dispositions resulting in a total of approximately 10 months loss of yard time which adversely affected his health. Plaintiff alleges that he received no outside exercise in this time.[1] In the prior order, the court advised plaintiff to identify the actions of the nearly 20 defendants in

---

[1] It's not clear if plaintiff was allowed exercise time alone inside and objects to not interacting with other inmates on the yard.

2

1  the case. In the first amended complaint, plaintiff has identified the actions of approximately 17
2  defendants.
3    The first amended complaint demonstrates that each of the rule violation reports
4  resulted in a loss of 30-60 days of yard time.[2] Plaintiff names as defendants the individuals who
5  cited him for a rule violation, the people who presided over the hearings and the people who
6  denied the appeals of the decisions. Each of these individual defendants was not responsible for
7  the combined effect of the punishments given to plaintiff. The actions of the individual
8  defendants that plaintiff describes in the complaint do not set forth actionable claims. Nor
9  should these individual defendants be liable for plaintiff's repeated violation of prison rules.
10 Plaintiff's first amended complaint will be dismissed with leave to amend. Plaintiff needs to
11 establish that someone in the prison facility was responsible for making certain that too many
12 disciplinary violations were not to exceed a certain amount of time. Simply naming everyone
13 involved is not sufficient.
14   The Ninth Circuit has clarified the requisite elements for this type of claim:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

19 Lopez v. Smith, 203 F.3d 1122, 1132-1133 (9th Cir. 2000).
20   Plaintiff's current complaint does not show a state of mind of deliberate
21 indifference from any of the defendants as their individual behavior appears appropriate.
22   The Eighth Amendment "requires neither that prisons be comfortable nor that they
23 provide every amenity that one might find desirable." Hoptowit v. Ray, 682 F.2d 1237, 1246
24 (9th Cir. 1986). "Rather, the Eighth Amendment proscribes the 'unnecessary and wanton

---

[2] The substance of each rule violation is not provided.

3

1 infliction of pain....' " Id. Nevertheless, "[p]rison officials have a duty to ensure that prisoners
2 are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."
3 Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511
4 U.S. 825, 832, 114 S.Ct. 1970 (1994).  When an inmate has been deprived of necessities, "the
5 circumstances, nature and duration of a deprivation ... must be considered in determining whether
6 a constitutional violation has occurred."

7    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
8 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
9 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
10 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
11 there is some affirmative link or connection between a defendant's actions and the claimed
12 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
13 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
14 vague and conclusory allegations of official participation in civil rights violations are not
15 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
17 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
18 amended complaint be complete in itself without reference to any prior pleading.  This is
19 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
20 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
21 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
22 original complaint, each claim and the involvement of each defendant must be sufficiently
23 alleged.

24    In accordance with the above, IT IS HEREBY ORDERED that the first amended
25 complaint is dismissed for the reasons discussed above, with leave to file a second amended
26 complaint within twenty-eight days from the date of service of this order.  Failure to file a second

1  amended complaint will result in this action being dismissed.

2  DATED: July 26, 2010

3                                    /s/ Gregory G. Hollows

4                                    _____
                                     GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE

5  GGH:AB
   fost0929.b2