IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

     Plaintiff,                          No. CIV S-10-0929 GGH P

     vs.

P. STATTI, et. al.,

     Defendants.              <u>ORDER</u>

_____/

        On December 10, 2010, the court ordered service on four defendants and dismissed the remaining defendants. Plaintiff has filed a request for reconsideration of this court's order and requested some of the dismissed defendants be served with the operative complaint. The case is before the undersigned pursuant to plaintiff's consent. Doc. 4.

<u>Standards For Motions To Reconsider</u>

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is

substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." <u>Costello v. United States</u>, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986); <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." <u>Costello</u>, 765 F.Supp. at 1009.

In the instant action, plaintiff has raised arguments that could have been raised in any of the prior complaints, as plaintiff was given several chances to amend. Moreover, plaintiff's contentions fail to demonstrate that these additional defendants should be served with the complaint.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's order of December 10, 2010, is affirmed and plaintiff's December 23, 2010, motion (Doc. 16) is denied.

DATED: January 31, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
fost0929.850