IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

    Plaintiff,                    No. CIV S-10-0929 GGH P

   vs.

P. STATTI, et al.,

    Respondents.           ORDER &
FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on April 19, 2010 and was granted in forma pauperis status on June 2, 2010. Pending before the court are defendants' motion to dismiss, as plaintiff is three strikes barred pursuant to 28 U.S.C. § 1915(g), filed on April 14, 2011. For the following reasons, the court recommends that defendants' motions be denied.

Motion to Dismiss

        28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

>detained in any facility, brought an action or appeal in a court of
>the United States that was dismissed on the grounds that it is
>frivolous, malicious, or fails to state a claim upon which relief may
>be granted, unless the prisoner is under imminent danger of serious
>physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal., 1994), *vacated on other grounds by* Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g). Actions filed and/or dismissed prior to the enactment of the Prison Litigation Reform Act on April 26, 1996, are to be evaluated to determine whether they qualify as strikes: "the plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the PLRA to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181, citing Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).[1]

Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was

---

[1] "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns, because it does not affect a substantive right but merely limits a prisoner's ability to proceed IFP. In light of Tierney, we reject Rodriguez's claim and hold that § 1915(g) does not violate the Constitution by looking at cases dismissed prior to enactment of the PLRA to determine when a prisoner has had three or more cases dismissed as frivolous." Rodriguez v. Cook, 169 F.3d at 1181, citing Tierney v. Kupers, 128 F.3d at 1311.

frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). However, Adepegba qualifies that insofar as affirmance only finds no error at district court level, affirmance should not count as separate strike.[2] Id., at 387. On the other hand, when the appeal is frivolous on a separate ground, then the appeal dismissal is also a strike. Id. at 388. See also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike).

In a very recent case, Silva v. Di Vittorio, __F.3d__, 2011 WL 4436248 (9thCir. 2011), the Ninth Circuit held that a district court strike was not final until an appeal had been resolved.

Discussion

Defendants contend in their motion that plaintiff's litigation history shows that he has seven strikes. Per defendants' request, the undersigned takes judicial notice of the following cases:[3]

1) Foster v. Runnels (2:01-cv-2365), dismissed on March 18, 2002, for failure to state a claim.

2) Foster v. Jackson (2:02-cv-1278), dismissed on July 22, 2002, for failure to exhaust administrative remedies.

3) Foster v. Runnels (2:01-cv-2194), dismissed on January 24, 2003, for failure to state a claim.

4) Foster v. Runnels (2:01-cv-2156), dismissed on August 24, 2003, for failure to exhaust administrative remedies.

5) Foster v. Redenius (1:06-cv-0792), dismissed on June 11, 2009, when summary judgment was granted for defendants.

6) Foster v. McDonald (No. 07-15744), Ninth Circuit appeal dismissed on October 15, 2009, where the Circuit found that the district court did not err in granting summary judgment.

---

[2] It also follows that an appellate court reversal would nullify a strike. Adepegba v. Hammons, 103 F.3d at 387.

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

7) <u>Foster v. Meraz</u> (No. 08-15857), Ninth Circuit appeal dismissed on December 23, 2009, where the Circuit found that the district court did not err in granting summary judgment.

Two of these actions, 01-cv-2194 and 01-cv-2365 were dismissed for failure to state a claim and constitute strikes pursuant to § 1915(g).  However, none of the other cases cited by defendants are properly considered strikes.  Two cases were dismissed for failure to exhaust administrative remedies, however the Ninth Circuit has not decided that dismissal solely for failure to exhaust administrative remedies is sufficient to count as a strike.  <u>O'neal v. Price</u>, 531 F.3d 1146, 1155 no. 9 (9th Cir. 2007).  As a dismissal for failure to exhaust does not indicate that the action was frivolous, malicious or failed to state a claim, the undersigned does not find these dismissals to constitute strikes.

Defendants also cite two Ninth Circuit appeals, No. 08-15857 and No. 07-15744 that were denied.  However, neither of these appeals were denied as frivolous or meritless.  In both cases, the appeals were of grants of summary judgment and the Ninth Circuit simply found that the district court in both cases properly granted summary judgment.  These two straight forward denials do not count as strikes under a plain reading of § 1915(g).  <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).

Defendants also cite to 06-cv-0792, where summary judgment was granted for defendants.  Yet, a grant of summary judgment is not a determination that the action was frivolous, malicious or failed to state a claim.  <u>See</u> <u>Martinez v. U.S.</u>, --- F.Supp.2d ----, 2010 WL3895602 (C.D. Cal 2010); <u>Barela v. Variz</u>, 36 F.Supp.2d 1254, 1259 (S.D.Cal. 1999); <u>see also</u> <u>Hardney v. Lamarque</u>, 2007 WL 2225996 *2 (E.D. Cal. 2007).  The court does note that the subject matter of 06-cv-0792, was nearly identical to that in three other cases[4] plaintiff has filed.[5]  In all of these cases plaintiff alleged that he was being denied meals, yet it was established that

---

[4] See cases 01-cv-2156, 03-cv-1113, 05-cv-2156.

[5] Plaintiff has filed 11 cases in the last ten years, though many of them not identified by defendants were denied at the summary judgment stage.

4

1  plaintiff was not following the safety procedures established to be provided a meal in his cell.  It
2  appears that plaintiff was purposely creating conditions to provide for civil suits.  However,
3  many of these cases were denied at summary judgment.  While it appears that plaintiff may be
4  abusing the system, § 1915(g) is clear in what constitutes a strike and at this point, plaintiff has
5  only two strikes.  Should plaintiff file additional frivolous suits it is entirely possible that he will
6  become three strikes barred.

7  Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
8  case.

9  IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Doc. 23),
10  pursuant to 28 U.S.C. § 1915(g) be denied and defendants file an answer within 28 days if these
11  findings and recommendations are adopted.

12  These findings and recommendations are submitted to the United States District
13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
14  days after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
17  shall be served and filed within fourteen days after service of the objections.  The parties are
18  advised that failure to file objections within the specified time may waive the right to appeal the
19  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: September 27, 2011

      /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE

22  GGH: AB
fost0929.mtd

5